### CONRON BROS. CO. v. GUNTHER & UEBELE, Inc.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

SALES ⚙══359(1)—ACTIONS—EVIDENCE—SUFFICIENCY.

Evidence *held* to show that defendants had disposed of all interest in a hotel some months before plaintiff sold and delivered goods there, and hence were not liable for the purchase price of the same.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1056, 1057; Dec. Dig. ⚙══359(1).]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Conron Bros. Company against Gunther & Uebele, Incorporated. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Charles Weishaupt, of New York City, for appellant.

Harry I. Stein, of New York City (B. Benjamin Schiff, of New York City, of counsel), for respondent.

PER CURIAM. The action is for goods sold and delivered to defendant on the 10th day of August, 1915. At the end of plaintiff's case, the motion to dismiss upon the ground that there was no proof that the goods in question were ordered by defendant, or that it had any connection with the Elkstone Park Hotel, where delivery thereof had been made, should have been granted. The proof submitted by defendant conclusively established that at or prior to the time of the sale in question it had no interest in the hotel named, which was run and managed by the Bay Shore Resort, Incorporated. The original lessees of the hotel were Gunther & Uebele, copartners, who conducted a café in Brooklyn under the name of Gunther & Uebele, Incorporated. On July 12, 1915, the copartnership sold out their interest in the hotel to the Bay Shore Resort, Incorporated, in which they had absolutely no interest.

Judgment should be reversed, and a new trial granted, with $30 costs to the appellant to abide the event.

---

⚙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes